**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FOUNDERS 14, LLC,

    Plaintiff,

v.                                                    Case No. 04-CV-74190-DT

SAMUEL MEKLIR, et al.,

    Defendants.
_____/

**ORDER STAYING CASE UNDER *COLORADO RIVER* ABSTENTION**

On February 22, 2005 the court issued an order to show cause why this case should not be dismissed without prejudice under the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In its February 22 order, the court directed Plaintiff to file a written response by March 9, 2005. (02/22/05 Order at 13.) Plaintiff filed a timely written response and, at Plaintiff's suggestion, the court held oral argument on its show cause order May 12, 2005. For the reasons set forth below, the court will stay this matter in light of parallel state court proceedings that Plaintiff commenced in December 2003.

**I. Factual and Procedural Background**

This case involves a landlord/tenant dispute within the context of a commercial lease for over 12,000 square feet of office space at Tower 14, 21700 Northwestern Highway in Southfield, Michigan. On September 5, 2000, Plaintiff/landlord Founders 14, LLC, a California limited liability company entered into a five-year lease extension with Defendant/tenant Meklir, Norlish, Friedman & Associates, P.C., ("MNFA") a law firm and Michigan professional corporation. Under this lease agreement, the law firm agreed to

lease the office space in Tower 14 from May 1, 2001 until April 30, 2006. The parties agreed that rent would be fixed at $11,653.79 per month from May 1, 2001 through April 30, 2002 and that the rent amount for the remaining years would "be calculated pursuant to Section 12(A-D)" of a prior extension and amendment to the parties' lease terms. (02/22/05 Order at 2.) The September 5, 2000 five-year lease extension was signed by Defendant Samuel A. Meklir as president of Meklir, Norlish, Friedman & Associates and by Scott Drew as president of Founders 14, LLC. (*Id.*)

Plaintiff alleges that MNFA has closed its doors and has ceased conducting business. As of December 1, 2003, MNFA allegedly had not paid the rent and other expenses due under the lease. (Pl.'s 12/22/03 State Court Compl. at ¶¶ 17-21.) According to Plaintiff, Defendant has abandoned the premises and attempted to surrender the premises. Plaintiff, however, has expressly rejected the offer to accept surrender. (*Id.* at ¶ 22.) Defendant MNFA allegedly owes more than $150,000.00 in unpaid rent and expenses under the lease and will purportedly owe more than $350,000.00 by the end of the five-year term. (Pl.'s 10/26/04 Federal Court Compl. at ¶ 27.)

### A. The Oakland County Circuit Court Case

On December 22, 2003, Plaintiff filed a complaint against MNFA in Oakland County Circuit Court alleging that MNFA had breached the lease agreement, seeking a declaratory judgment and the appointment of a receiver. (Pl.'s 12/22/04 Oakland County Compl.) The state court action did not name the individual Defendants named in the later-filed federal case. However, on May 26, 2004, Plaintiff filed a "Motion to

2

Amend the Pleadings" in Oakland County Circuit Court.[1]  Plaintiff's motion sought to add Samuel Meklir as an individual defendant who was personally liable for the unpaid rent and expenses under the law firm's agreement with Plaintiff based on the Michigan Business Corporations Act, Mich. Comp. Laws § 450.1551, and on a theory that Plaintiff may appropriately pierce the corporate veil to hold individual shareholders liable. Plaintiff sought "leave to amend its pleading by adding an additional claim against Mr. Meklir to hold him personally liable for his failure to make adequate provision for the creditors of Defendant."

The Circuit Court held a hearing on Plaintiff's motion to amend the pleadings on June 9, 2004.  After hearing each party's oral presentation on the motion, the Oakland County Circuit Court denied Plaintiff's motion to amend, stating "It's too late and it's without merit."  (02/22/05 Order at 3.)  In response to Plaintiff's counsel's inquiry as to the court's comment that the claim was without merit, the state court responded: "[it lacks merit] [b]ecause you're dealing with a corporation, and you haven't provided me with any . . . any indication that Mr. Meklir is personally liable."  (*Id.*)  The state court issued its written order denying Plaintiff's motion on August 20, 2004.  The written order stated that "Plaintiff's motion to amend to add a claim against a new party defendant is denied because it was filed too late in this case."  (*Id.*)  The state court's written order

---

[1] Similar to Federal Rule of Civil Procedure 15, Michigan Court Rule 2.118(A)(2) states that "[A] party may amend a pleading only by leave of the court or by written consent of the adverse party.  Leave shall be freely given when justice so requires."  As the Michigan Supreme Court has stated: "A motion to amend ordinarily should be granted, and should be denied only for the following particularized reasons: '[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and 5] futility....'"  *Weymers v. Khera*, 563 N.W.2d 647, 657 (Mich. 1997).

3

does not address the merits of Plaintiff's proposed additional claims against Meklir, nor does it contain a detailed written analysis under Michigan Court Rule 2.118(A). Plaintiff acknowledges that it did not seek reconsideration of circuit court's decision to deny it leave to amend.

Perhaps anticipating an unfavorable result based on the state court's August 20, 2003 order denying Plaintiff's motion for leave to amend, Plaintiff elected not to seek leave to add Defendants Jack Nolish or Stephen Friedman as additional individuals personally liable for MNFA's obligation. Plaintiff also opted not to seek leave to add claims against the individual Defendants based on Michigan's Uniform Fraudulent Conveyance Act and its constructive trust theory. Instead, Plaintiff chose to forego any attempt to add these claims to the existing state court action, completed discovery, and moved for summary disposition against MNFA only. Plaintiff argues that the state court had already expressed, presumptively by implication of a prior decision, its position that these claims would have to be filed in a separate lawsuit.

After the close of discovery in state court, the case was submitted to case evaluation under Michigan law. Plaintiff then filed its motion for partial summary disposition on August 11, 2004 and the court set a hearing date for October 13, 2004, eight days before trial was scheduled to begin. MNFA then filed in state court a motion to extend discovery in early October 2004. The state court subsequently granted Defendant's motion to re-open discovery and denied without prejudice Plaintiff's pending motion for partial summary disposition. In an order dated October 27, 2004, the state court denied Plaintiff's motion "without prejudice because the Court re-opened

4

discovery the day before the motion was heard and discovery might reveal evidence that could create a genuine issue of fact." On Defendant's motion, the state court issued a stay of its proceedings on November 23, 2004, following the initiation of the federal court action. (Pl.'s Order to Show Cause Resp. at Ex. B.) The state court's order provides:

> The request for stay of proceedings is granted. All proceedings in this matter are hereby stayed pending resolution of case 04-74190 in the Eastern District of Michigan. The Court has waived oral argument pursuant to MCR 2.119(c)(3).

(*Id.*)

### B. The Federal District Court Case

On October 26, 2004, Plaintiff, asserting diversity jurisdiction under 28 U.S.C. § 1332, filed its complaint in this court. Plaintiff's federal complaint names Samuel Meklir, Jack Nolish, and Stephen Friedman as individual defendants, but does not name the MNFA law firm. The federal complaint comprises three counts under which Plaintiff seeks recovery from these three individuals on various legal theories; all are predicated on the exact same five-year lease giving rise to the state court action. Although the federal court complaint makes absolutely no reference to the parallel state court proceedings, comparing the allegations in each complaint reveals that the claims derive from the same lease. (*Compare* 10/26/04 Federal Court Compl. ¶¶ 7-19, *with* 12/22/03 State Court Compl. ¶¶ 5-16.)

Count I of the federal complaint alleges that all three individual Defendants are liable under the Michigan Business Corporations Act because the firm MNFA distributed assets without making adequate provision for is creditors and "all Defendants were either directors that voted to authorize distributions or shareholders that received these

5

assets." (Pl.'s Resp. at 3.)  This is virtually the same legal theory used by Plaintiff in its motion for leave to amend its state court complaint to add Meklir.  In the instant federal case, Plaintiff attempts to circumvent the state court's untimeliness ruling.  The allegations in Count I of the federal complaint, as they pertain to Defendant Meklir, are the same allegations Plaintiff unsuccessfully sought to add in the state law proceedings.  Counts II and III of the federal complaint alleged that the individual federal Defendants are liable as transferees of assets from MNFA under Mich. Comp. Laws § 566.31 *et seq* and a constructive trust theory.

As noted above, after learning of Plaintiff's decision to file the instant federal court action, Defendant MNFA filed a motion to stay the proceedings in Oakland County Circuit Court.  The state court issued an order granting the requested stay on November 23, 2004.  As such, discovery in the state court action has been re-opened and the state suit (nearly ready for trial) remains stayed, pending action by this court, the Oakland County Circuit Court, or by the parties.

After considering the parties' briefs and motions, this court stated that it was inclined to dismiss the federal case without prejudice in light of the earlier filed and ongoing parallel state court proceedings under the federal abstention doctrine that derives from the United States Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  (02/22/05 Order at 6.)  For the reasons stated below, however, the court will stay (rather than dismiss without prejudice) this case under *Colorado River* abstention.

## II. The *Colorado River* Abstention Doctrine

In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998). "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' ... considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339.

Declining jurisdiction under *Colorado River* rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Colorado River*, 424 U.S. at 817. These considerations create a narrow exception where courts may decline jurisdiction in deference to parallel state court proceedings. *See Moses H. Cone*, 460 U.S. at 16 (decision to dismiss based on parallel state-court action rests "on careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction"); *Great Earth Companies Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002) ("a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state court proceeding"); *American Disposal Servs. Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988).

The threshold question in *Colorado River* abstention is whether there exists a proceeding in state court parallel to the federal court proceeding. *Romine*, 160 F.3d at 339; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, but merely "substantially similar." *Bates v. Van*

*Buren Twp.*, No. 03-2258, 2004 WL 2792483, at *3 (6th Cir. Dec. 6, 2004); *Romine*, 160 F.3d at 340. "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Bates*, 2004 WL 2792483 at *3 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

      Here, the court finds that the threshold requirement is easily met. The two cases are substantially similar. Both cases turn, in large part, on whether the MNFA law firm is liable for breaching the lease agreement. That Plaintiff attempts to add additional parties or different legal theories to recover against the individual defendants does not warrant a contrary conclusion. *See Romine*, 160 F.3d at 340 ("If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties" or making slight variations of the legal theories invoked to support recovery); *Telesco v. Telesco Fuel & Masons' Materials Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) ("Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit.") (citing *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 631-31 (11th Cir. 1984)). Plaintiff's claims based on fraudulent transfers by the individual Defendants in Counts II and III of the federal complaint are triggered only if Plaintiff is a creditor of MNFA. Whether MNFA is a creditor turns on whether there was a breach of the lease agreement triggering overdue payments, the exact issue that has proceeded through discovery in the state court action.

      In fact, because the state court has re-opened discovery, Plaintiff may still seek leave to add the claims and parties identified in the federal case to the well-advanced state court proceedings under the Michigan court rules which permit amendment of

pleadings when justice so requires.  Any determination by the state court on such a request would be reviewed for an abuse of discretion by the Michigan Court of Appeals, not by a federal court.  *See Weymers v. Khera*, 563 N.W.2d 647, 657 (Mich. 1997).  Because the court finds that the federal and state court proceedings are substantially similar, it turns to the factors courts must examine in determining whether judicial economy and federal-state comity warrant abstention.

The Sixth Circuit Court of Appeals has summarized the various factors to consider in the *Colorado River* analysis as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained .... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction.  These factors, however, do not comprise a mechanical checklist.  Rather, they require "a careful balancing of the important factors as they apply in a give[n] case" depending on the particular facts at hand.

*Romine,* 160 F.3d at 340-41 (citations omitted).

Balancing these factors weighs strongly in favor of abstaining.  This case does not involve a res and because the parties have already been engaged in litigation in Oakland County since December 22, 2003, there is little inconvenience in litigating in the city of Detroit as opposed to Oakland County.

On the other hand, many other factors weigh in strong favor of respecting federal-state comity and declining jurisdiction in favor of judicial economy.  The Supreme Court has noted that "the consideration that was paramount in *Colorado River* itself [was] the danger of piecemeal litigation."  *Moses H. Cone*, 460 U.S. at 19.  "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby

9

duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington North R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)).

Plaintiff's decision to forego attempts to add parties and state law claims in the pending state court action and to assert them approximately ten months later in federal court gives rise to a significant risk of piecemeal litigation. The well-advanced state court action necessarily must determine whether MNFA is liable for breaching the lease agreement in order to resolve the case. This court would also have to resolve that same issue after discovery in the current pending federal case and such a determination would be without the benefit of having the law firm represented as a party.

It is of little consequence that the state court granted the law firm Defendant's motion to stay. In the event that this court denied Defendants' current motion to dismiss, the law firm could move to have the state court stay lifted. This is especially likely, given the advanced stages of that case and this court will not direct a state court how to manage its own docket. Because the federal and state proceedings each require the respective courts to determine whether MNFA breached the lease, abstention avoids piecemeal litigation. It is also consistent with the strong policy against "claim-splitting." *See Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ("[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." (citing Restatement of Judgments (Second) § 24 (1982)).

The order or sequence in which jurisdiction was obtained also strongly favors abstaining. Again, the record shows that Plaintiff, a diverse foreign corporation, elected to pursue its claims in state court. Only after an adverse ruling with regard to its motion to amend did Plaintiff seek to adjudicate its related claims in federal court. Next, this case involves no issues of substantive federal law; it contains purely state law causes of action. The applicable governing law in the parallel proceedings favors abstaining.

In addition, Plaintiff cannot seriously challenge the adequacy of the state court as a forum to protect its rights. There are no federal substantive rights at issue and the Michigan court system that Plaintiff originally selected (despite the basis for diversity jurisdiction) is more than competent to adjudicate all the state-law causes of actions and issues in dispute. Plaintiff has had, and continues to have, the opportunity to seek leave to amend its complaint in the state law case. The state trial court may permit amendment under the state's own procedural rules or it may not. In either event, Plaintiff cannot deny that it has been afforded the opportunity to present its claims and reasons for seeking amendment of its complaint. Moreover, the state court system provides its own method and procedure for Plaintiff to appeal any adverse rulings from the trial court. This court cannot conclude that the state court action is inadequate to protect Plaintiff's rights under Michigan law.

Courts have also examined an additional aspect of whether the state forum is adequate to protect the federal plaintiff's rights: "whether the federal or state suit is filed ... for a vexatious, reactive or tactical reason." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives Inc.*, 48 F.3d 294, 299 (8th Cir. 1995); *see also Romine*, 160 F.3d at 342 (referring to a potential "forum shopping ploy" in its analysis).

11

Here, one permissible conclusion from the evidence presented is that Plaintiff did not seek further amendment in state court and has elected to pursue its related claims in federal court both late in the game and for tactical reasons. Another is that Plaintiff sought to prevent the relevant statute of limitations periods from lapsing. However, the objective evidence shows that Plaintiff did not seek reconsideration of a state court decision denying permission to add Defendant Meklir as untimely. Nor did Plaintiff seek to add the other parties or claims (now asserted in the federal case) directly related to the parties' underlying state court dispute. When the "untimeliness" writing was on the wall, Plaintiff opted not to present additional motions to amend its claims in state court. Plaintiff also named Mr. Meklir as a Defendant in the federal proceeding, asserting the same cause of action against him (notwithstanding the other additional legal theories) that the state court would not permit based on Plaintiff's delay in bringing the claim. This litigation choice, even if not intended to produce it, has the obvious effect of circumventing the state court's denial based on untimeliness. Principles of federalism and comity require this court to respect the substantive and procedural rulings of state courts. The Michigan Court of Appeals has jurisdiction to review the state trial court's procedural and substantive rulings, not this court. *Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003) ("The *Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review final judgments of state courts.").

Finally, the relevant progress of the proceedings counsels in favor of abstaining. The federal suit, unlike the state suit and much like that in *Colorado River*, has not moved beyond an initial pleading and a pending motion to dismiss. Plaintiff originally selected a Michigan forum, had ample opportunity to present its claims or to seek

12

amendment to its complaint to add new claims for good cause, and proceeded through discovery knowing full well of its ability to present its claims to that court. *See American Disposal Servs. Inc.*, 839 F.2d at 88 ("The far earlier initiation of state court suit, the significant involvement of state judges in substantial development of the case, and plaintiff's abrupt search late in the day for an unnecessary second forum are critical factors" in abstaining). In *Moses H. Cone*, the Supreme Court stated that it found "considerable merit" in the idea "that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation" under the *Colorado River* doctrine. 460 U.S. at 17 n.20.

Finally, the court has not been persuaded by Plaintiff's written response or oral arguments made in response to the February 22, 2005 order to show cause. Plaintiff's concerns regarding the expiration of relevant statute of limitations is no longer viable because the court has determined that a stay is more appropriate than a dismissal without prejudice. In doing so, the court finds the reasoning in *Bates v Van Buren Township*, 122 Fed. Appx. 803, 2004 WL 2792483 (6th Cir. Dec. 6, 2004) persuasive.[2]

---

[2] Although unpublished decisions in the Sixth Circuit are not binding precedent, s*ee Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir 1996) (unpublished opinions "carry no precedential weight [and] have no binding effect on anyone other than the parties to the action."); *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir 2000) (unpublished decisions are not binding precedent), their reasoning may be "instructive" or helpful. *See Boyd v. Yukins* 99 Fed.Appx. 699, 703, 2004 WL 1193952, *4 (6th Cir. May 27, 2004) ("Our unpublished case of *Mix v. Robinson,* 64 Fed.Appx. 952, 957-58 (6th Cir. 2003), is instructive."); *Combs v. Int'l Ins. Co.* 354 F.3d 568, 593 (6th Cir ,2004) (although *Willits* [*v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916 (6th Cir. Sept. 1, 1999)] is an unpublished opinion, its reasoning is instructive.").

The *Bates* court examined whether a court should dismiss or stay a case after finding that *Colorado River* abstention is appropriate. It found a stay to be the preferred course of action for lower courts, explaining:

> Although we have never explicitly prohibited district courts from dismissing cases when abstaining under *Colorado River,* issuing a stay of proceedings has been the general practice. *See Romine,* 160 F.3d at 338 (affirming a district court stay of a case on the basis of *Colorado River* abstention); *Holmes Financial Associates, Inc. v. Resolution Trust Corp.,* 33 F.3d 561, 562 (6th Cir. 1994) (same). In similar circumstances, other circuits have generally required district courts to issue a stay rather than dismiss without prejudice.
>
> Because *Colorado River* abstention is temporary, federal courts will often eventually hear a case they have abstained from deciding. *Colorado River* abstention is temporary because all the reasons for it dissipate once the state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court. Because, under *Colorado River* abstention, the parties in the state and federal proceedings need not be identical, the federal suit will normally not be barred by *res judicata* and federal litigation may resume if the state courts do not moot the issue on state law grounds.
>
> We conclude that a stay is the best way to effectuate *Colorado River* abstention. Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Id.* at * 5 (citations and footnotes omitted).

The court is likewise not persuaded by Plaintiff's argument that it will have to file a third lawsuit if the court enters a stay. Plaintiff claims that the state court action is stayed and therefore it would have no other option but to file a third lawsuit if both courts

14

entered stays. This court does not agree. The well-advanced state court action is currently under a stay pending the resolution of this action in federal court. This court has resolved the case inasmuch as it will defer, under principles of comity and federalism reflected in the *Colorado River* abstention doctrine, to permit the advanced state court proceedings to go forward. This disposition likely eliminates the state court's basis for entering a stay. There is simply no evidence that the state court would not proceed given the disposition of this matter in federal court. In fact, the state court had reopened discovery prior to entering a stay and may still permit amendment of the pleadings under Michigan court rules.

Plaintiff also filed an uninvited supplemental response following oral argument on May 12, 2005. In its supplemental response, Plaintiff states that it would not object to a limited stay of this case to (1) seek leave from the state court to amend its pleading in the state case to add all defendants and (2) to file an amended complaint in state court. (*See* Pl.'s 05/17/05 Supplemental Resp at 1-2.) Plaintiff's proposed stay would be lifted in the event that the state court does not permit amendment of the pleadings in state court. (*See id.*)

The court's ruling, however, is not subject to the limitations as Plaintiff would prefer. Plaintiff correctly identifies one course of action available to it in state court, but this court's stay is not conditioned on the actions taken by the state court. This court is in no position to predict how a state court might rule on a possible course of action taken by a party. This stay is being entered under *Colorado River* abstention in deference to the parallel state court proceedings. Upon the conclusion of the proceedings in state court, the court will lift the stay and adjudicate any claims

remaining not barred by *res judicata* or a similar doctrine. *See Bates*, 122 Fed.Appx 803, 2004 WL 2792483 at *5 ("*Colorado River* abstention is temporary because all the reasons for it dissipate once the state court proceedings *have run their course* . . . . [U]nder *Colorado River* abstention, the parties in the state and federal suit will normally not be barred by *res judicata* and federal litigation may resume if the state courts do not moot the issue on state law grounds.") (emphasis added). Considering that it has already reopened discovery, the state court may likely permit amendment of the parties and claims eliminating the need for this federal action. If it does not, the court intends to continue the stay to permit the state court proceedings to run their course.

The objective circumstances of the later-filed federal action in this case and a balancing of the *Colorado River* factors strongly favor abstaining.

### III. Conclusion

IT IS ORDERED that the above-captioned matter is STAYED pending resolution of the parallel state court proceedings. Upon the completion of the state court action, Plaintiff may move to lift the stay.

IT IS FURTHER ORDERED that Defendants' "Motion . . . to Dismiss Pursuant to FRCP 12(b)(1) and (6) and/or for Summary Judgment Pursuant to FRCP 56" [Dkt. # 4] and Plaintiff's "Motion . . . for Partial Summary Judgment" [Dkt. # 5] are DENIED WITHOUT PREJUDICE.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 19, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522